Patrick J. RYAN, et al., Appellants,

v.

The SUPERIOR OIL COMPANY,
et al., Appellees.

No. A14–90–349–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 27, 1991.

Rehearing Overruled Aug. 22, 1991.

Lennon C. Wright, Kevin Dubose, Houston, for appellants.

Catherine Welborn Hoeg, Houston, James W. Gladden, Chicago, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

### J. CURTISS BROWN, Chief Justice.

Thirty-nine former employees of The Superior Oil Company, terminated as "organizationally redundant" following Superior's merger with Mobil Oil Corporation, sued to recover vacation benefits allegedly owed to them. Defendants moved for summary judgment on grounds (1) they had no contractual obligation to pay vacation benefits, (2) terminated employees received severance pay, ranging from $9,594.24 to $129,828.94, that equaled or exceeded their vacation claims, and (3) each terminated employee signed a release accepting severance pay as "full and final satisfaction" of compensation owed. The trial court granted summary judgment without specifying the grounds on which it relied. We affirm.

Mobil Oil Corporation acquired Superior Oil Company in March 1984, and the companies combined operations. A memorandum from William P. Tavoulareas, president of the parent company, Mobil Corporation, offered financial incentives for Superior employees to remain with the Superior organization during the initial six-month transition period. Further, it stated, "It is Mobil's present intention to continue Superior's Benefit Plans for its employees." Subsequent letters from the president of Superior to salaried employees repeated that Superior's benefits plan would continue "as is for the foreseeable future." In addition, a memorandum from Superior's chairman of the board indicated that employees' Superior benefit package would continue until they either joined Mobil Oil and converted to its plan or terminated employment with Superior.

The Tavoulareas memo also outlined a severance package for employees if their positions were declared organizationally redundant. It included a stay bonus, notice allowance, and termination allowance, but no compensation for vacation time accrued. Later, in a document entitled "Memorandum of Understanding," the management of Mobil and Superior established that in addition to the severance package, employees whose positions were declared redundant prior to February 28, 1985 would be paid their base salary through March 31, 1985 but they would not have to report to work once their positions were declared redundant. However, these employees would be "deemed to have taken all earned and accrued vacation time." In contrast, employees declared redundant *after* February 28, 1985 would be paid their base salary for the time that they actually worked and would be compensated for unused vacation time in addition to the stay bonus, notice allowance, and termination allowance. Each appellant was declared redundant before February 28, 1985.

Prior to the acquisition, Superior had a voluntary policy of compensating terminated employees for vacation time they had accrued but not used, so long as they were not terminated because of dishonesty. Superior's Vacation Plan specifically advised employees:

This plan is *voluntary* on the part of the Company and may be terminated or modified at any time. The decision of management shall be final and conclusive with respect to every question which may arise relating to interpretation or administration of the Plan. (emphasis added)

Once the merger was completed and a determination made as to duplication of functions, Superior employees were informed whether their positions would be eliminated, and, if so, whether they could be placed elsewhere in the Mobil organization. Each terminated employee received a letter describing his or her severance benefits, stating:

Except as is indicated to you by the Employee Relations representative, disbursement of the aforesaid settlement payments will constitute full and final satisfaction of Superior's compensation, benefit and other employment obligations to you, as evidence by your signature below.

Each appellant signed his or her termination letter on the blank headed "Acknowledged and accepted," and each re-

ceived at least as much money as is now claimed under Superior's Vacation Plan.

◼ Appellants claim that, regardless of what they received in severance pay, Superior and Mobil are obligated to compensate them for unused vacation time. They contend a fact question exists as to whether appellees had a contractual obligation to pay vacation benefits to the terminated employees. A claim for breach of contract requires proof that (1) a binding contract existed; (2) defendants breached the contract; and (3) plaintiffs suffered damages caused by the defendants' alleged breach. *See, e.g., Stegman v. Chavers,* 704 S.W.2d 793, 795 (Tex.App.—Dallas 1985, no writ) (plaintiff must show contract existed, he performed, and defendant breached); *Riojas v. Lone Star Gas Co.,* 637 S.W.2d 956 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) (no recovery unless damages caused by defendant's wrongful actions).

◼ Appellants identified Superior's Vacation Plan as the document that created an alleged contract to pay them for unused vacation time. However, the Vacation Plan, which expressly states that it is "voluntary" and "may be terminated or modified at any time," does not create a contractual obligation to pay for unused vacation time. *Hicks v. Baylor Univ. Med. Center,* 789 S.W.2d 299, 301–02 (Tex. App.—Dallas 1990, no writ) (no contract formed where employer retained right to amend handbooks); *Reynolds Mfg. Co. v. Mendoza,* 644 S.W.2d 536, 539 (Tex.App.— Corpus Christi 1982, no writ) (handbook that could be unilaterally amended or withdrawn did not constitute a contract). Further, the letters and memoranda described above do not create a contract obligating Mobil and Superior to continue the Vacation Plan, nor do they modify the voluntary nature of the Plan. The Tavoulareas memo merely expressed Mobil's "present intention" to continue Superior's benefits plan for its employees. A letter from Superior's president was qualified as an "attempt" to provide "preliminary information" concerning the status of employee benefits. Even assuming that these written communications "confirmed" that Supe-

rior's Vacation Plan would be continued, the Plan remained by its own terms entirely voluntary, and no breach occurred when the employer exercised its right to deem that all earned and accrued vacation time had been taken. *See, e.g., Berry v. Doctor's Health Facilities,* 715 S.W.2d 60, 62 (Tex.App.—Dallas 1986, no writ) ("the record is devoid of any facts that would elevate the employee handbook beyond its self-proclaimed status of a revocable general guideline").

◼ On appeal, the terminated employees contend that in addition to the Vacation Plan, certain oral representations were made concerning vacation pay at the time the termination letters were signed, therefore Mobil and Superior are estopped from denying that they had promised to pay vacation benefits to terminated employees. To prevail upon their claim of promissory estoppel, appellants would have to show that (1) Mobil and Superior made a promise to appellants, (2) it was foreseeable to them that appellants would rely on the promise, and (3) they substantially relied on the promise to their detriment. *See English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983). Of the 39 appellants, only Bernard Widacki testified that *prior* to signing the release he relied on a verbal assurance that he would be paid vacation benefits, details to be worked out later. None of the appellants can in good faith contend they would have refused the benefits of the severance package in order to receive less money for vacation time they had accrued but not used. The only ground appellants pleaded for avoiding the effect of the releases they signed was "economic duress," but there is no evidence to support their claim that they were victims of a carrot-and-stick come-on. They produce the carrot, in the form of a severance package too rich to withstand, but where is the stick?

To prevent the sort of expectations that invariably arose, the more prudent path for Mobil and Superior would have been to give employees specific notice that they would not be paid for unused vacation time. However, with no articulated damages or detrimental reliance, we hold that promis-

sory estoppel does not apply, and the releases are binding upon Widacki and the other appellants.

We overrule appellants' four points of error and affirm the judgment of the trial court.