David DEMUNBRUN, Appellant,

v.

Tim GRAY, Individually and Gray
Air Conditioning, Appellees.

No. 08–97–00233–CV.

Court of Appeals of Texas,
El Paso.

Aug. 28, 1998.

Rehearing Overruled Sept. 30, 1998.

F. James Arkell, Hicks & Lucky, El Paso,
for Appellant.

Michael C. Crowley, El Paso, for Appellees.

Before BARAJAS, C.J., and McCLURE
and CHEW, JJ.

### OPINION

BARAJAS, Chief Justice.

This is an appeal from a summary judgment in favor of the defendants on the plaintiff's wrongful termination suit. We reverse the judgment of the trial court.

### I. *SUMMARY OF THE EVIDENCE*

This summary judgment case requires us to determine whether Appellees Tim Gray and Gray Air Conditioning (collectively referred to as "Gray") proved as a matter of law that Appellant, David DeMunbrun, was an "at-will" employee under specific terms of his employment agreement with Gray. DeMunbrun's suit alleged that Gray breached the written employment agreement between the parties by terminating him without good

cause. Gray filed a Motion for Summary Judgment solely based on the ground that DeMunbrun was an "at-will" employee and therefore could be fired without a showing of good cause. The trial court granted Gray's motion, and DeMunbrun appeals raising two points of error.

## II. DISCUSSION

### A. Standard of Review

■■■ The standard of review on appeal from a summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Company,* 690 S.W.2d 546, 548 (Tex. 1985); *Hernandez v. Kasco Ventures, Inc.,* 832 S.W.2d 629, 631 (Tex.App.—El Paso 1992, no writ); *Marsh v. Travelers Indemnity Co. of Rhode Island,* 788 S.W.2d 720, 721 (Tex.App.—El Paso 1990, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to the required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *Stoker v. Furr's, Inc.,* 813 S.W.2d 719, 721 (Tex.App.—El Paso 1991, writ denied).

### B. Application of the Law to the Summary Judgment Facts

■■■ In Point of Error No. One, DeMunbrun alleges that there were genuine issues of material fact regarding his "at-will" employment status. The long-standing rule in Texas provides for employment at will, terminable at any time by either party, with or without cause, absent an express agreement to the contrary.[1] *Federal Express Corp. v. Dutschmann,* 846 S.W.2d 282, 283 (Tex. 1993); *East Line & R.R.R. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888). A discharged employee who asserts that the parties have contractually agreed to limit the employer's right to terminate the employee at will has the burden of proving an express agreement or written representation to that effect. *Lee–Wright, Inc. v. Hall,* 840 S.W.2d 572, 577 (Tex.App.—Houston [1st Dist.] 1992, no writ). The presumption of at-will employment may only be rebutted by an agreement that directly limits, in a "meaningful and special way," the employer's right to terminate at will. *Massey v. Houston Baptist Univ.,* 902 S.W.2d 81, 83 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

■■■ In the absence of special circumstances, however, Texas also follows the general rule practiced in England, which dictates that a hiring at a stated sum per week, month, or year, is a definite employment for the period named and may not be arbitrarily concluded. *Winograd v. Willis,* 789 S.W.2d 307, 310 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *see also Molnar v. Engels, Inc.,* 705 S.W.2d 224, 225 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). In this case, paragraph four of the employment contract states that "DEMUNBRUN SHALL BE SALARIED EXEMPT AS DEFINED BY THE DEPT OF LABOR AT AN ANNUAL BASE OF $50,000.00. . . ." There is no language in the contract reserving the right of either party to terminate the contract at will despite the annual salary reference. Accordingly, paragraph four at the very least creates an issue of fact on the "at-will" status of DeMunbrun and summary judgment on that ground in favor of Gray was improper. We therefore sustain DeMunbrun's first point of error.[2]

---

1. Counsel for Appellees readily admits that the failure of the parties to include simple, traditional "at-will" language in the employment contract is the cause of this litigation.

2. The final paragraph of the disputed contract states as follows:
   IT IS UNDERSTOOD BY BOTH PARTIES, THAT THIS DOCUMENT COVERS THE INI-

Having sustained Appellant's Point of Error No. One renders it unnecessary to discuss Appellant's remaining point of error. We reverse the judgment of the trial court and remand the cause for trial on the merits.

TIAL PERIOD OF EMPLOYMENT AND MAY BE SUPERCEDED [sic] IN THE FUTURE BY OTHER DOCUMENTS AS IS AGREEABLE TO BOTH PARTIES AND IS PERTINENT TO FUTURE OPERATIONS AT GRAY AIR CONDITIONING.

We note that the precise issue before this Court is whether or not there is a fact issue as to the "at-will" nature of the employment contract. We have not been asked to address the "term" or "initial period of employment" as defined in the final paragraph of the employment contract. Consequently, we render no opinion as to the term or initial period of employment, nor should any such opinion be implied.