**Ruthie Ann JONES, et ux., Appellant,**

**v.**

**MIDLAND JUDICIAL DISTRICT COMMUNITY SUPERVISION AND CORRECTIONS DEPARTMENT, Appellee.**

**No. 08–99–00314–CV.**

Court of Appeals of Texas, El Paso.

April 5, 2001.

Jay H. "Timber" Floyd, Jr., Midland, for appellant.

Holly Beth Williams, Turner & Davis, Midland, for appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellant Ruthie Ann Jones ("Jones") appeals from a grant of summary judgment in favor of Appellee, Midland Judicial District Community Supervision and Corrections Department ("District").[1] Jones raises two issues which we re-frame as a single issue that the trial court erred in granting summary judgment.

The District selected Jones for the position of Pre Trial Services Administrative Technician III ("position") by a memorandum letter on July 30, 1993. The letter outlined quarterly adjustments to her salary starting from September 1, 1993, and ending on September 1, 1994. The letter stated that salary increases were contingent on her "future performance evaluations and available County funding." Allegedly because of a budget deficit, the District eliminated Jones' position on December 23, 1993, but offered her two other positions with lower salaries. Jones rejected the offer. Jones filed suit for wrongful termination, alleging that the memorandum letter was a contract guaranteeing her position for one year.

The District moved for summary judgment and alleged there was no employment contract limiting the District's right to terminate Jones' position at will.[2] The trial court granted the summary judgment on June 23, 1999.

■■■ Unlike other final judgments reviewed on appeal, we do not review the summary judgment evidence in the light most favorable to the judgment of the trial court. *See Borrego v. City of El Paso*, 964 S.W.2d 954, 956 (Tex.App.—El Paso 1998, pet. denied). As explained in *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985), the movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *See* TEX. R.CIV.P. 166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment, all admissible evidence favorable to the non-movant will be taken as true; every reasonable inference must be indulged in favor of the non-movant, and all doubts resolved in the non-movant's favor. The movant is required to disprove at least one element of each of the non-movant's theories of recovery or to plead and conclusively establish an affirmative defense, which defeats the non-movant's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). The purpose of summary judgment is the elimination of patently unmeritorious claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *See Gulbenkian v. Penn.*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952); David Hittner & Lynne Liberato, *Summary Judgments in Texas*, 34 HOUS.L.REV. 1303, 1307 (1998).

■■■ An employer or employee may terminate their employment relationship at any time at will and without cause, unless there is a written employment contract abrogating the presumption of "at will" employment. *See Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex.1998); *Figueroa v. West*, 902 S.W.2d

---

1. Although Jones named numerous defendants in the style of the case, the only defendant served and responding in the case was the District.

2. The trial court found the issue of the grievance procedure irrelevant; therefore, this memo focuses on the issue of the employment contract.

701, 704 (Tex.App.—El Paso 1995, no writ). The elements of an action for wrongful termination of employment are (1) the existence of an agreement specifying the employment was not terminable at will, and (2) a written contract or express agreement. *See Montgomery*, 965 S.W.2d at 501; *Demunbrun v. Gray*, 986 S.W.2d 627, 628 (Tex.App.—El Paso 1998, no writ). The limitation must be "meaningful and special." *Demunbrun*, 986 S.W.2d at 628.

■ In the absence of express language limiting an employer's right to terminate an employee at will, Texas also follows the English Rule, under which a "hiring at a stated sum per week, month, or year is a definite employment for the period named and may not be arbitrarily concluded." *Demunbrun*, 986 S.W.2d at 628, *citing Winograd v. Willis*, 789 S.W.2d 307, 310 (Tex.App.—Houston [14th Dist.] 1990, writ denied), *disapproved of on other grounds by Great Am. Ins. Co. v. North Austin Mun. Util. Dist. No. 1*, 950 S.W.2d 371 (Tex.1997). In *Demunbrun*, the employment contract specified an annual salary of $50,000 without reservation, and there was no language reserving the right of either party to terminate the contract "at will." *See Demunbrun*, 986 S.W.2d at 628. Chief Justice Barajas held that this created a factual issue of Demunbrun's at will status.

The District cites *Saucedo v. Rheem Mfg. Co.*, 974 S.W.2d 117 (Tex.App.—San Antonio 1998, writ denied), for the proposition that the English Rule no longer applies in Texas under *Montgomery*. In *Saucedo*, Justice Hill initially held that an oral promise of a stable and permanent position coupled with a written·confirmation of the employment with a salary of $36,000 annually was sufficient to prevent Rheem from terminating Saucedo without good cause. *See Saucedo*, 974 S.W.2d at 124–25. However, after the Texas Supreme Court's decision in *Montgomery*, the Court withdrew that holding and instead stated Rheem's promise was too indefinite to express its intent to not terminate Saucedo except under specific circumstances. *See id.* at 128.

■ Both *Montgomery* and *Saucedo* found it dispositive that the employer made a very general, oral promise, i.e., that the employer would be there for life or for as long as they did a good job. *See Montgomery*, 965 S.W.2d at 502; *Saucedo*, 974 S.W.2d at 128. In contrast, the District's memorandum offering Jones the position set out specific quarterly salary increases over a one-year term from September 1, 1993, to September 1, 1994, that were only conditioned upon (1) job performance and (2) available county funding. The memorandum also memorialized the District's promise that Jones would not be on call as in her previous job. Jones accepted the position. The memorandum letter is the employment contract. The absence of any at will language and the specificity of salary over a term of one year, convinces us that it is not·an at will contract but rather a employment contract for a term of one year. *See Ronnie Loper Chevrolet-Geo, Inc. v. Hagey*, 999 S.W.2d 81, 84 (Tex.App.—Houston [14th Dist.] 1999, no writ); *Dallas Hotel Co. v. Lackey*, 203 S.W.2d 557, 561 (Tex.Civ. App.—Dallas 1947, writ ref'd n.r.e.).

■ The District could have terminated Jones for either her job performance or insufficient county funding. In its motion for summary judgment, the District did not contest that Jones' job performance was satisfactory and conceded at oral argument that Jones' performance was not a factor in her termination. There remains the apparently contested factual issue as to whether the District did in fact have sufficient county funding. We, therefore, sus-

tain Jones' issue, and we reverse and remand for a trial on the merits.