**Craig NIEHOUS, Plaintiff,**

v.

**ARKANSAS GLASS CONTAINER CORPORATION, Defendant.**

**No. CIV. A. H–00–2167.**

United States District Court, S.D. Texas, Houston Division.

Aug. 13, 2001.

George Andrew Coates, Coats and Evans, PC, Woodland, TX, for Plaintiff.

John K. Linker, Alaniz & Schraeder, Houston, TX, for Defendant.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion for Final Summary Judgment filed by Defendant Arkansas Glass Container Corporation. Having considered the motion, submissions on file and applicable law, the Court determines that the motion should be granted in part and denied in part.

This is a breach of contract action arising out of an employment agreement. Defendant Arkansas Glass Container Corporation ("AGCC") is a manufacturing company in Jonesboro, Arkansas, which sells glass jars and containers to distributors and customers nationwide. Plaintiff Craig Niehous ("Niehous") was initially put in touch with AGCC by an employment recruiter. After extensive negotiations, both in person and via telephone, Niehous and AGCC executed a written employment agreement that detailed numerous facets of the employment relationship. Specifically, the agreement detailed, inter alia, Niehous's annual salary, applicable bonuses, sales commissions, moving expenses, business expenses, a potential severance package and an employer-to-employee interest-free loan. In October 1999, AGCC hired Niehous as Director of Sales.

In this position, Niehous was responsible for setting up a sales territory in Texas and Louisiana in addition to maintaining and improving upon an existing client base. During Niehous's tenure, however, no new clients were developed in Texas or Louisiana. Further, AGCC sales diminished in these territories during the same time period. AGCC therefore terminated Niehous's employment on April 25, 2000.

Niehous filed the instant suit in the 359th Judicial District Court of Montgomery County, Texas alleging breach of contract. On June 26, 2000 AGCC removed the case to this Court pursuant to 28 U.S .C. §§ 1332 & 1441(b). AGCC now moves for summary judgment on all issues. Specifically, AGCC argues that the employment agreement between AGCC and Niehous was not an employment contract for a specified period of time and Niehous is therefore subject to the at-will employment doctrine.˙ Further, AGCC contends that Niehous failed to perform the requirements of his position and is not

entitled to a severance package. AGCC also argues that Niehous is not entitled to a year-end bonus, the cash equivalent of unused vacation time, a relocation bonus or un-reimbursed business expenses. Finally, AGCC claims that any potential recovery by Niehous would be offset by the interest-free loan he received from and never repaid to AGCC. The Court will address each in turn.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91·L.Ed.2d 265 (1986); *see also State Farm Life Ins. Co. v. Gutterman,* 896 F.2d 116, 118 (5th Cir.1990). Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Celotex,* 477 U.S., at 323, 106 S.Ct. 2548. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial .'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–7, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting FED. R. CIV. P. 56(e)). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 956 (5th Cir.1993) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

AGCC first contends that the employment agreement entered into between AGCC and Niehous does not give rise to an employment contract for a specified period of time as a matter of law. Niehous responds that the employment agreement constitutes an employment contract for a minimum term of one year. Because Niehous was terminated prior to his one-year anniversary at AGCC, Niehous argues that he is entitled to approximately $46,250.00, the balance of his annual salary.

Niehous admits there is no express provision dictating a term of employment in the agreement. Rather, Niehous argues that the minimum one-year term is implied. Niehous bases his argument upon three provisions in the agreement that provide: (1) "annual base rate of pay will be $90,000 earned and paid bi-weekly;" (2) "there will be a $15,000 1st fiscal year end guaranty [sic];" (3) "vacation will be earned at the start of employment with the employee earning a total of 15 working days." Niehous further argues that the absence of any at-will language in the agreement weighs in favor of finding that the agreement was for a specified term.

■■■ The parties agree that Texas law governs the instant dispute. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Texas is an employment at-will state." *Massey v. Houston Baptist Univ.,* 902 S.W.2d 81, 83 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (citing *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 489 (Tex. 1991)). "Absent a specific contract term to the contrary, this doctrine allows an em-

ployee to quit or be fired without liability on the part of the employer or employee, with or without cause." *Id.* (citations omitted). "A discharged employee who asserts that the parties have contractually agreed to limit the employer's right to terminate the employee-at-will has the burden of proving an express agreement or written representation to that effect." *Id.* (quoting *Lee–Wright, Inc. v. Hall,* 840 S.W.2d 572, 577 (Tex.App.—Houston [1st Dist.] 1992, no writ)). Niehous's argument—i.e., that an absence of at-will language in the agreement weighs in favor of a finding that his employment was for a specific term—is unfounded because there is a presumption that employment is at-will. *See id.* An absence of at-will language cannot rebut this presumption. The Court therefore turns to the specific terms of the agreement.

■■■ Niehous contends that the agreement's reference to an annual salary, a year-end bonus, and 15 days vacation (one year's vacation time), implies that the contract is for a minimum term of one year. Niehous's argument is based upon the so-called "English Rule," a previously[1] recognized exception to the at-will doctrine. The English Rule provides that "a hiring at a stated sum per week, month or year, is a definite employment for the period named." *Dallas Hotel Co. v. Lackey,* 203 S.W.2d 557, 561 (Tex.App.—Dallas 1947, writ ref'd), *quoted in Hamilton v. Segue Software, Inc.,* 232 F.3d 473, 478 (5th Cir. 2000). Hence, Niehous contends that the yearly language in his agreement mandates a minimum one-year contract of employment.

■■■ A conflict exists in Texas law regarding whether a written employment agreement detailing an annual salary constitutes a binding one-year employment contract. "Specifically, a conflict exists

---

**1.** The viability of the traditional English Rule in Texas is unclear and is discussed *infra.*

over the status of the English Rule as it relates to the presumption of at-will employment, that can only be overcome with specific terms." *Hamilton,* 232 F.3d at 478. Because the Texas Supreme Court has not ruled precisely on this point, a court would typically "defer to the holdings of lesser state courts." *United States v. Johnson,* 160 F.3d 1061, 1063 (5th Cir. 1998). Unfortunately, the Texas appellate courts are split on this issue. *See Saucedo v. Rheem Mfg. Co.,* 974 S.W.2d 117, 128–29 (Tex.App.—San Antonio 1998, pet. denied) (holding on rehearing that the use of annual salary rates is too indefinite to give rise to an employment contract for a specific term); *but see Demunbrun v. Gray,* 986 S.W.2d 627, 628 (Tex.App.—El Paso 1998, no pet.) (holding that use of annual salary rate created fact issue as to whether the employment contract was at-will or for a specific term). Accordingly, this Court must make an *Erie* determination regarding Texas law on this subject.

■■■■ "The mere fact an employment contract is in writing ... is insufficient to rebut the presumption of employment-at-will; an employment contract must directly limit in a 'meaningful and special way' the employer's right to terminate the employee without cause." *Massey,* 902 S.W.2d at 83 (quoting *Lee–Wright,* 840 S.W.2d at 577). The Texas Supreme Court recently reinforced this concept by holding that for a contract of employment to vary the status of employment at-will, "the employer must *unequivocally indicate a definite intent* to be bound not to terminate the employee except under clearly specified circumstances." *Montgomery County Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998) (emphasis added). Thus, in the instant case, Niehous

must show that AGCC unequivocally indicated its definite intent to be bound not to terminate Niehous except under clearly specified circumstances.

■■■■ As previously discussed, Niehous relies solely on the traditional English Rule. However, there is nothing unequivocal [2] or definite [3] about the English Rule. "In practical terms, th[e] statement of an annualized base salary does not provide a guarantee of employment, but merely provides a benchmark to evaluate one's pay ." *Hamilton,* 232 F.3d at 480 (citing *Stone v. Jo-Ann Stores, Inc.,* 109 F.Supp.2d 752, 755 (N.D.Ohio 2000) (interpreting Texas law)). The fact that a statement of annual salary can be interpreted as dictating a term of employment (as argued by Niehous), *or* interpreted as constituting a benchmark to evaluate one's pay (as argued by AGCC), precludes it from being unequivocal or definite; the phrase is clearly subject to multiple interpretations. Moreover, a statement of annual salary does not clearly specify the circumstances under which AGCC could terminate Niehous. In fact, none of the three clauses upon which Niehous relies specifies the circumstances under which AGCC could terminate Niehous. Accordingly, the English Rule cannot withstand the test enumerated by the Texas Supreme Court in *Montgomery County Hospital District,* requiring express language to rebut the at-will employment presumption.

■■■■ Niehous admits as much by stating "[t]he employement [sic] agreement signed by the parties did not contain an express term of employment, but a minimum one year term of employment is [sic] implied by [the yearly language]." Unfortunately for Niehous, at-will employment can only be altered expressly. *Hamilton,*

2. "Unequivocal" is defined as "unambiguous; clear; having only one possible meaning or interpretation." THE RANDOM HOUSE COLLEGE DICTIONARY 1433 (revised ed.1975).

3. "Definite" is defined as "clearly defined or determined; precise; exact." THE RANDOM HOUSE COLLEGE DICTIONARY 349 (revised ed.1975).

232 F.3d at 479; *Byars v. City of Austin*, 910 S.W.2d 520, 523 (Tex.App.—Austin 1995, writ denied). This rule of construction defeats Niehous's argument that the three provisions taken together imply a one-year contract because an express alteration cannot be implied. If the contract was indeed for a minimum term of one year, it must so state. A clause as simple as "this contract of employment is for a minimum term of one year; employment is not at-will" would have sufficed.

Because the contract is devoid of any express provision that unequivocally and definitely alters the at-will presumption, Niehous's employment with AGCC was at-will. He is therefore not entitled to any amount of salary or benefits past his date of termination. AGCC is entitled to summary judgment on this issue. This determination does not end the instant dispute. The Court must still address the remaining applicable provisions of the contract.

■ AGCC contends that Niehous is not entitled to the six-month severance package provided for in the employment agreement because he was terminated for poor job performance. The applicable provision of the employment agreement provides "[i]f the employee is terminated for other than job performance he shall receive a 6 month severance pay package." Although Niehous does not address this issue in the "Arguments and Authorities" section of his response,[4] his recitation of the applicable facts in his "Factual Background" section gives rise to genuine issues of material fact. Specifically at issue

is the definition of "job performance" and whether AGCC precluded Niehous from performing his job responsibilities satisfactorily. Summary judgment is therefore not appropriate on this issue.

■ AGCC next contends that Niehous is not entitled to the $15,000.00 year end bonus provided for in the employment agreement because he was terminated prior to the end of the fiscal year. The applicable provision of the employment contract provides "[t]here will be a $15,000 1st fiscal year end guaranty [sic]."[5] Niehous argues that he is entitled to a pro-rata share of the $15,000 year end bonus for the period of time that he worked at AGCC because the bonus was guaranteed. The parties' respective positions give rise to a genuine issue of material fact: specifically, whether the guarantee referred to the amount, time of payment, or both. Summary judgment is therefore not appropriate on this issue.

■ AGCC next contends that Niehous is not entitled to the cash value of his unused vacation time pursuant to Texas law. The applicable provision of the employment agreement provides "[v]acation will be earned at the start of employment with the employee earning a total of 15 working days." Niehous responds that he is entitled to the cash value of his unused vacation time because he had already earned it pursuant to the terms of the employment agreement.

Although two of the cases cited by AGCC in support of its position are distinguishable from the instant case,[6] *Chester v.*

---

4. Simply captioning a section "At-will employment still subject to contractual terms," without providing any legal argument or authorities to support one's position, is insufficient to defeat summary judgment.

5. Based upon their arguments, the Court assumes that the parties mean "guarantee" ("a promise or assurance") as opposed to "guaranty" ("a ... pledge ... given as security that

another's debt or obligation will be fulfilled"). THE RANDOM HOUSE COLLEGE DICTIONARY 585 (revised ed.1975).

6. AGCC cites *Ryan v. Superior Oil Co.*, 813 S.W.2d 594 (Tex.App.—Houston [14th Dist.] 1991, writ denied) and *Marine Inspection Serv., Inc. v. Alexander*, 553 S.W.2d 185 (Tex. App.—Houston [1st Dist.] 1977, no writ) as

*Jones,* 386 S.W.2d 544 (Tex.App.—Tyler 1965, no writ) is directly on point. In *Chester,* the court held that a terminated employee was not entitled to a cash payment in lieu of unused vacation time because the employment contract did not expressly provide for such payment. *Id.* at 548–49. The facts in the instant case compel the same finding as in *Chester.* Further, Niehous has provided the Court with no evidence or jurisprudence to the contrary. Niehous is therefore not entitled to the cash value of his unused vacation time. AGCC is entitled to summary judgment on this issue.

■ AGCC next contends that Niehous is not entitled to a $5,000.00 relocation bonus because he never relocated to Jonesboro, Arkansas. Niehous argues that he is entitled to the bonus pursuant to the terms of the contract. The applicable provision of the employment agreement provides "a $5,000 relocation incentive will be paid upon employment."

This provision directs that the bonus "will be paid upon employment."The contract is devoid of any language that such payment is contingent upon Niehous relocating to Jonesboro, Arkansas. Further, the bonus is termed a "relocation incentive." The word "incentive" means "something that incites to action." THE RANDOM HOUSE COLLEGE DICTIONARY 672 (revised ed.1975). Thus, the action (relocation) is meant to occur after the incentive (payment of the bonus). Moreover, Niehous began employment with AGCC, thereby fulfilling his end of the bargain under the provision. AGCC's argument is therefore defeated by the terms of the contract.

■ AGCC further argues that if Niehous is entitled to the $5,000.00 relocation incentive, then the contract requires that he pay it back to AGCC "because he was terminated before the end of his first year ." The applicable provision of the employment agreement provides "[i]f the employee terminates his employment with the company before the end of the first year the $5,000 relocation amount will be paid back to the company, interest free." The provision is therefore only applicable if the **employee** terminates his employment. In the instant case, it is undisputed that AGCC, the **employer,** terminated Niehous's employment. Once again, AGCC's argument is defeated by the terms of the contract. Summary judgment is not appropriate on this issue.

■ Finally, AGCC contends that Niehous is not entitled to reimbursement for $2,454.69 in business expenses because such amount would be subject to a $12,000.00 set-off. The set-off is due to an interest-free loan granted to Niehous by AGCC which has not been repaid. It is undisputed that AGCC has not reimbursed Niehous for these expenses. It is also undisputed that Niehous accepted the $12,000.00 loan and has not repaid AGCC. However, summary judgment is not appropriate on this issue because set-off is an affirmative defense which would apply to the total amount of damages, if any, recovered at trial. Accordingly, the Court hereby

ORDERS that Defendant's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. Plaintiff's employment by Defendant was at-will.

support for its argument. The court in *Ryan* found that the employer need not compensate employees for unused vacation because the vacation plan at issue was expressly voluntary. *Ryan,* 813 S.W.2d at 596. In the instant case, there is no evidence that the plan

was voluntary. The court in *Marine Inspection* held that there was no evidence that the employer agreed to pay the employee for unused vacation based upon an oral contract. *Marine Inspection,* 553 S.W.2d at 188. The contract in the instant case is written.

Further, Plaintiff is not entitled to recover a cash payment in lieu of his unused vacation time. All relief not expressly granted herein is DENIED.