James W. MASSEY, Appellant,

v.

**HOUSTON BAPTIST UNIVERSITY and**
Edward Douglas Hodo, Appellees.

No. 01–94–01276–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 8, 1995.

Rehearing Overruled June 29, 1995.

Walter J. Kronzer, III, Randall O. Sorrels, Houston, for appellant.

Lisa A. Brown, Kelly Frels, Houston, for appellees.

Before ANDELL, COHEN and WILSON, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a take-nothing summary judgment rendered in favor of appel-lees, Houston Baptist University (HBU), and Edward Douglas Hodo in a wrongful termination suit brought by appellant, James W. Massey. Massey brings a sole point of error contending that the trial court erred in granting summary judgment, and HBU and Hodo assert a single cross-point. We affirm the trial court's judgment.

## I. FACTUAL SUMMARY

In May 1969, Massey was offered an administrative staff position with Houston Baptist College, the predecessor of HBU. Dr. Hinton, the president of HBU at the time, sent Massey a letter outlining the terms of his employment including, among other things, that his monthly salary would be $915.67. The letter did not, however, specify an exact term of employment. Massey worked for HBU until 1992 when he resigned in lieu of termination.

Massey sued HBU for breach of contract and also brought a tortious interference cause of action against HBU's current president, Dr. Hodo. Massey alleged that Hinton repeatedly assured him that his job was secure as long as his work was satisfactory. Despite these representations, Massey contends that he was constructively fired without cause. Massey additionally maintained that Hodo's actions were intentional and done with malice and, therefore, amounted to tortious interference with Massey's employment contract with HBU.

Both Hodo and HBU filed a motion for summary judgment alleging that: (1) any written contract between Massey and HBU did not alter Massey's employment at-will status; (2) any alleged oral contract violated the statute of frauds; (3) Hinton did not have the authority to give Massey a lifetime contract; (4) if Massey did, in fact, have a lifetime contract, the HBU handbook and policy manual extinguished all such contracts; and (5) Hodo, as an agent of HBU, could not tortiously interfere with Massey's contract as a matter of law.

On March 1, 1994, the trial court granted a partial summary judgment in favor of Hodo on Massey's tortious interference cause of action. On September 21, 1994, HBU filed a

second motion for summary judgment on Massey's breach of contract claim reasserting the same grounds as alleged in the prior motion. The trial court granted the second motion for summary judgment in favor of HBU on October 31, 1994 without specifying the grounds upon which it relied. Massey now appeals.

## II. STANDARD OF REVIEW

■ Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548 (Tex.1985); Tex.R.Civ.P. 166a(c). Summary judgment in favor of a defendant is proper if the defendant conclusively proves the elements of an affirmative defense as a matter of law. *Smith, Seckman, Reid, Inc. v. Metro Nat'l Corp.*, 836 S.W.2d 817, 819 (Tex.App.—Houston [1st Dist.] 1992, no writ). Once a defendant has produced competent evidence to conclusively prove the elements of an affirmative defense, the burden shifts to the nonmovant to introduce evidence that raises an issue of fact on those elements. *Id.* In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

■ A summary judgment may be affirmed only on grounds stated in the motion. *Home Indem. Co. v. Pate*, 814 S.W.2d 497, 500 (Tex.App.—Houston [1st Dist.] 1991, writ denied). When the summary judgment does not state the specific grounds upon which it is granted, it must be affirmed if any one of the grounds asserted in the motion is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *McCrea v. Cubilla Condominium Corp., N.V.*, 685 S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

## III. ANALYSIS

### 1. Breach of Contract

■ Texas is an employment at-will state. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex.1991). Absent a specific contract term to the contrary, this doctrine allows an employee to quit or be fired without liability on the part of the employer or employee, with or without cause. *Id.; Molder v. Southwestern Bell Tel. Co.*, 665 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). "A discharged employee who asserts that the parties have contractually agreed to limit the employer's right to terminate the employee-at-will has the burden of proving an express agreement or written representation to that effect." *Lee–Wright, Inc. v. Hall*, 840 S.W.2d 572, 577 (Tex.App.—Houston [1st Dist.] 1992, no writ).

#### a) The written contract

■ Massey contends that a letter sent to him by Dr. Hinton in May 1969 represented a written employment contract between himself and HBU. Hodo, in his affidavit in support of HBU's motion for summary judgment, characterizes the letter as merely a letter of appointment. Massey contends that the letter constituted a contract because it stated: "If the terms of this contract are clear and satisfactory to you, please sign the original of this letter and return it to this office." The letter also contained the statement that "[m]y signature below indicates my acceptance and agreement to the foregoing terms of this contract." Therefore, Massey contends that the letter constituted a written employment contract. *See Winograd v. Willis*, 789 S.W.2d 307, 310 (Tex.App.—Houston [14th dist.] 1990, writ denied).

■ The mere fact that an employment contract is in writing, however, is insufficient to rebut the presumption of employment at-will; an employment contract must directly limit in a "meaningful and special way" the employer's right to terminate the employee without cause. *Lee–Wright*, 840 S.W.2d at 577 (at-will status of employment relationship altered by agreement to employ plaintiff for specific number of years). Since the 1969 letter provided that Massey's salary would be $916.67 per month, at most, Massey had a one month contract with HBU and HBU

could not arbitrarily terminate Massey within the one month period.[1] *See Winograd*, 789 S.W.2d at 310. The letter did not, however, contain any reference to lifetime employment or impose any other express limitation on HBU's right to terminate Massey at-will. Other than the letter, there is no evidence of any other written instrument pertaining to Massey's employment. Therefore, the letter was insufficient to alter the at-will status of Massey's employment.

### b) The oral contract

■ Massey contends that even if the written employment contract was not sufficient to alter his at-will status, the contract was orally modified by Dr. Hinton to a contract of lifetime employment. As proof in support of his response to HBU's motion for summary judgment, Massey attached his own affidavit and that of Dr. Hinton. Both affidavits assert that Dr. Hinton orally assured Massey that he would be employed at HBU "for life" or "until retirement" as long as his work was satisfactory. According to Massey, these assurances represented an oral contract sufficient to alter the at-will status of Massey's employment.

Massey correctly contends that an employment-at-will contract can be modified by an oral agreement. *See, e.g., Johnson v. Ford Motor Co.*, 690 S.W.2d 90, 93 (Tex.App.—Eastland 1985, writ ref'd n.r.e.). HBU asserts, however, that the alleged oral contract: (1) violates the statute of frauds; and (2) is not binding on HBU because it was not authorized by HBU's governing board.

■ For purposes of summary judgment, this Court must presume that the evidence in favor of Massey is true. *Nixon*, 690 S.W.2d at 548–49. Assuming that the representations were made and that Hinton had the authority to make them, however, the oral contract is barred by the statute of frauds.[2] The promise of permanent or lifetime employment, or the promise of employment until retirement age, is the type of employment contract that must be reduced to writing to be enforceable. *See, e.g., Schroeder*, 813 S.W.2d at 489 (alleged oral agreement to employ plaintiff until retirement unenforceable under statute of frauds); *Wal–Mart Stores, Inc. v. Coward*, 829 S.W.2d 340, 342–43 (Tex.App.—Beaumont 1992, writ denied) (alleged oral agreement that plaintiff would have job for life or as long as he made a good hand barred by statute of frauds); *Stiver v. Texas Instruments, Inc.*, 750 S.W.2d 843, 846 (Tex.App.—Houston [14th Dist.] 1988, no writ) (promise of employment until normal retirement age barred by statute of frauds); *Benoit v. Polysar Gulf Coast, Inc.*, 728 S.W.2d 403, 406–07 (Tex.App.—Beaumont 1987, writ ref'd n.r.e.) (claims that plaintiff had permanent employment or employment until the retirement age of 65 barred by statute of frauds); *Webber v. M.W. Kellogg Co.*, 720 S.W.2d 124, 127–28 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (promise of lifetime employment or to employ plaintiff until retirement age barred by statute of frauds); *Molder*, 665 S.W.2d at 177 (alleged oral contract that employer would employ plaintiff permanently until he reached age 65 or as long as he performed satisfactorily barred by statute of frauds).

Since the alleged oral agreement was not reduced to writing, Massey's breach of contract cause of action is barred by the statute of frauds and, thus, the trial court correctly granted summary judgment in favor of HBU on this claim.

### 2. Tortious Interference

■ Massey also asserted that Hodo tortiously interfered with his employment contract with HBU. In the motion for summary judgment, Hodo contended that, as president of HBU, he acted in his official capacity with regard to Massey's employment and, thus, was privileged as a matter of law to "interfere" with Massey's employment status.

---

1. The parties do not dispute that Massey was not terminated during this one month period; he was employed by HBU for 23 years. Furthermore, HBU continued to pay Massey's salary for several months after his termination.

2. The statute of frauds provides that an agreement which is not to be performed within one year from the date of making the agreement must be in writing and signed by the person to be charged with the agreement. Tex.Bus. & Com.Code Ann. § 26.01 (Vernon Supp.1994).

An at-will employment agreement can be the subject of a claim of tortious interference. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 688 (Tex.1989). A cause of action for tortious interference with a contract is established upon a showing that: (1) a contract existed between the plaintiff and a third party that was the subject of interference; (2) the defendant's act of interference was willful and intentional; (3) the intentional act of the defendant was a proximate cause of damage to the plaintiff; and (4) actual damage and loss to the plaintiff resulted. *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 939 (Tex.1991). However, one is privileged to interfere with a contract of another if it is done in the bona fide exercise of his own rights or if he has an equal or superior right in the subject matter to that of the plaintiff. *Id.* at 939. A claim of legal justification or excuse is an affirmative defense to a tortious interference claim. *Sterner*, 767 S.W.2d at 690.

In support of the motion for summary judgment Hodo attached his own affidavit, HBU policy manuals, and the deposition testimony of Howard Lee, a former HBU board of trustees member, which showed that Dr. Hodo had full authority to terminate an administrator such as Massey. Furthermore, Massey admitted that Hodo was an agent and the president of HBU. An agent cannot be personally liable for tortious interference with its principal's contracts. *See, e.g., Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326–27 (Tex.App.—Houston [1st Dist.], 1995, n.w.h.); *John Masek Corp. v. Davis*, 848 S.W.2d 170, 175 (Tex.App.—Houston [1st Dist.] 1992, writ denied). "The rationale of these cases is that the agent and the principal are treated as one entity since the agent is the principal's 'alter ego' and both individuals have the same financial interest." *Hussong*, 896 S.W.2d at 326–27. Therefore, Dr. Hodo, acting in the course and scope of his position as HBU president, was privileged as a matter of law to "interfere" with Massey's employment. Thus, the trial court correctly granted summary judgment in favor of Hodo on the tortious interference claim.

We overrule Massey's sole point of error.

## IV. CROSS–POINT

HBU and Hodo assert a single cross-point in which they allege that the trial court erred in failing to rule on their objection to inadmissible evidence. Specifically, HBU and Hodo objected to the trial court's consideration of Dr. Hinton's affidavit on the basis that he was incompetent as a matter of law. It is unnecessary to consider the cross-point, however, because as shown above, even if we take Hinton's testimony as true, Massey's breach of contract action still fails.

We affirm the trial court's judgment.