Mark **SMITH**, Appellant,

v.

**SCI MANAGEMENT CORPORATION,**
Appellee.

No. 14–00–00089–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 2000.

Russell D. Weaver, The Woodlands, for appellants.

William P. Maines, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and SONDOCK.

## OPINION

MAURICE E. AMIDEI, Justice.

Appellant, Mark Smith ("Smith"), appeals the granting of a traditional motion for summary judgment in favor of appellee, SCI Management Corporation ("SCI"). Smith raises one point of error asserting that the trial court erred in granting the summary judgment. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL HISTORY

Smith was an employee of SCI, a funeral service provider, for nearly eight years. During his employment, SCI investigated allegations of theft by an employee in Smith's department. Upon discovering that Smith's department was improperly shifting costs among various construction projects, SCI asked Smith to resign. An SCI representative gave Smith a "voluntary" letter of resignation, and told Smith that if he did not sign it, he would be terminated. Smith then signed the letter.

Almost a year before these events took place, Smith had his annual review with Spillane, the SCI representative who hired him. During that review, Spillane and Smith had a general discussion about what Smith's annual compensation would be for the following year, and Spillane orally told

Smith that he would receive $85,000.00. However, Spillane did not tell Smith anything further about the terms and conditions of his employment, nor did he promise to employ Smith for a one-year period.

After he was terminated, Smith sued SCI for wrongful termination, arguing that he was terminated without just cause under duress and in breach of his employment contract. SCI moved for summary judgment on two grounds, alleging that (1) Smith's resignation was not procured by duress and (2) Smith did not have a contract of employment that altered his at-will status. The trial court granted SCI's motion for summary judgment, and this appeal followed.

## DISCUSSION AND HOLDINGS

In one point of error, Smith argues that the trial court erred in granting summary judgment for SCI. Specifically, Smith contends that SCI failed to establish as a matter of law that (1) he was an at-will employee and that (2) he voluntarily resigned. We disagree.

■ We begin our analysis by noting that the order granting summary judgment for SCI does not specify the reason the trial court granted the motion. When such an order exists, we will affirm the judgment if any of the theories advanced in the motion are meritorious and supported by competent summary judgment evidence. See Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989); Kyle v. West Gulf Maritime, Ass'n, 792 S.W.2d 805, 807 (Tex.App.—Houston [14th Dist.] 1990, no writ). As we explain below, we find that the trial court was correct in granting summary judgment for SCI because no material issue of fact existed as to whether Smith had an employment contract that altered his at-will status. Thus, we will address only the issue of Smith's at-will status in our opinion.

■ In a traditional motion for summary judgment, the movant has the burden of showing, with competent proof, that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a; Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex.1985). When a defendant is the movant for summary judgment, it has the burden to conclusively negate at least one essential element of the plaintiff's cause of action, or conclusively establish each element of an affirmative defense. See Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476–77 (Tex. 1995); Montgomery v. Kennedy, 669 S.W.2d 309, 310–11 (Tex.1984). If the movant's motion and summary judgment proof facially establish its right to judgment as a matter of law, the burden shifts to the non-movant to raise a material fact issue sufficient to defeat summary judgment. See HBO, A Div. of Time Warner Entertainment Co., L.P. v. Harrison, 983 S.W.2d 31, 35 (Tex.App.—Houston [14th Dist.] 1998, no pet.). In deciding whether a disputed material fact issue exists precluding summary judgment, we resolve every reasonable inference in favor of the non-movant and take all evidence favorable to it as true. See Nixon, 690 S.W.2d at 548–49; Karl v. Oaks Minor Emergency Clinic, 826 S.W.2d 791, 794 (Tex.App.— Houston [14th Dist.] 1992, writ. denied).

■ Smith contends that he had a contract of employment, which was breached and resulted in his wrongful termination. The general rule in Texas is that without an express agreement to the contrary, employment for an indefinite period may be terminated at-will by either party and without cause. See Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 734–35 (Tex.1985); Demunbrun v. Gray, 986 S.W.2d 627, 628 (Tex.App.—El Paso 1998, no pet.). A discharged employee who asserts that he and his employer contractually agreed to limit the right to terminate him at-will has the burden of proving an express or written agreement to that effect. See Lee–Wright, Inc. v. Hall, 840 S.W.2d 572, 577 (Tex.App.—Houston [1st Dist.] 1992, no writ). However, the mere

fact that an employment contract is in writing does not rebut the presumption of employment at-will; an employment contract must directly limit in a "meaningful and special way" the employer's right to terminate the employee at-will. *See Massey v. Houston Baptist Univ.*, 902 S.W.2d 81, 83 (Tex.App.—Houston [1 st Dist.] 1995, writ denied).

Smith argues that he was no longer an employee at-will because SCI told him that he would receive a salary of $85,000.00 for the following year. Smith urges us to look to the English rule which Texas follows absent special circumstances. This rule states that, "hiring at a stated sum per week, month, or year, is a definite employment for the period named and may not be arbitrarily concluded." *Winograd v. Willis*, 789 S.W.2d 307, 310 (Tex.App.—Houston [14 th Dist.] 1990, writ denied). As we explain further below, we do not find that the English rule is applicable in this case to alter Smith's at-will status.

In *Winograd*, this court listed the two elements necessary to establish a cause of action for wrongful termination: the discharged employee must prove that (1) he and his employer had a contract specifically providing that the employer did not have the right to terminate the employment contact at-will, and that (2) the employment contact was in writing.[1] *See id.* In construing the English rule, this court also held that, "a hiring based on an agreement of an annual salary limits in a 'meaningful and special way' the employer's prerogative to discharge the employee during the dictated period of employment." *Id.* However, in *Winograd*, we were faced with different facts than in this case. There, the parties executed a letter embodying the employee's negotiated terms and conditions of employment in contract form. *See id.* The letter required the employee's signature to show that he accepted and agreed to the instrument's terms, and stip-

ulated his position and yearly salary. Thus, we held that the district court did not err in failing to enter judgment in the employer's favor. *See id.* at 311.

We have examined other cases construing the English rule favorably toward the employee, and we find that as in *Winograd*, the parties negotiated and agreed on the terms and conditions of employment and had evidence reflecting their agreement. *See generally Ronnie Loper Chevrolet–Geo, Inc. v. Hagey*, 999 S.W.2d 81 (Tex.App.—Houston [14 th Dist.] 1999, no pet.) (parties negotiated and agreed upon the terms of employment as evidenced in proposal approved by employer); *Saucedo v. Rheem Mfg. Co.*, 974 S.W.2d 117, 124 (Tex.App.-San Antonio 1998, pet. denied) (parties executed a written employment agreement providing for an annual salary); *Demunbrun*, 986 S.W.2d at 628 (parties created a fact issue as to employee's at-will status when they signed an employment contract stating base annual salary); *Massey v. Houston Baptist Univ.*, 902 S.W.2d at 83–84 (parties signed letter stating monthly salary and creating monthly contract); *Lee–Wright, Inc.*, 840 S.W.2d at 578 (parties signed contract providing dates of employment, monthly compensation, and a stated term of employment of five years); *but cf. Rios v. Texas Commerce Bancshares, Inc.*, 930 S.W.2d 809, 815 (Tex.App.—Corpus Christi 1996, writ denied) (holding that letter stating annual salary did not embody the terms of any agreement between the parties because it did not specify a beginning date, duration of time, and did not require acceptance signatures).

 After examining relevant caselaw, we conclude that the English rule alters an employee's at-will status when evidence shows that the parties intended to directly limit in a "meaningful and special way" the employee's at-will status. *See Massey*, 902 S.W.2d at 83 (holding that

---

1. However, under the statute of frauds, the employment contract must only be in writing if the employment is intended to exceed one

year. *See* Tex. Bus. & Com.Code Ann. § 26.01(b)(6) (Vernon 1987).

to rebut the presumption of employment at-will, an employment contract must directly limit in a "meaningful and special way" the employer's right to terminate the employee at-will). Our conclusion is consistent with Texas contract principles because a contract is enforceable when it is sufficiently certain to enable the court to determine the respective legal obligation of the parties. *See T.O. Stanley Boot Co., Inc. v. Bank of El Paso,* 847 S.W.2d 218, 221 (Tex.1992); *Bendalin v. Delgado,* 406 S.W.2d 897, 899 (Tex.1966). Such an enforceable contract is likely to exist when evidence shows that the parties have negotiated and agreed upon the terms of an employment contract.

Here, construing the evidence favorably toward Smith, we find that he has not raised a material fact issue sufficient to defeat summary judgment. The summary judgment evidence from both parties included excerpts from Smith's deposition testimony. This evidence shows that Smith and Spillane had a general conversation about what Smith's annual compensation would be for the following year. Spillane orally told Smith that he would receive $85,000.00 during this discussion. However, no evidence shows that the parties negotiated and agreed upon this salary. Smith and Spillane did not negotiate, accept, or agree on the terms of other conditions of employment, nor did they discuss any circumstances under which either party could terminate Smith. Additionally, the parties did not agree on a duration of employment; SCI did not tell Smith that it was employing him for one year. We find that such a general discussion about an employee's annual compensation does not raise a fact issue as to whether the parties agreed to limit in a "meaningful and special way" the employer's prerogative to discharge the employee without cause.

In short, after reviewing the summary judgment evidence, we hold that Smith did not raise a fact issue showing that he had an employment contract with SCI that altered his at-will status. Smith did not show that he and SCI negotiated and agreed upon the terms of his employment. The English rule dictating that an employer may not arbitrarily terminate an employee during a definite period of employment does not apply to Smith because the parties did not agree to limit in a "meaningful and special way" SCI's right to discharge Smith without cause. Thus, the trial court did not err in granting summary judgment for SCI on this ground, and we overrule Smith's sole point of error.

The judgment of the trial court is affirmed.