NUMBER 13-00-093-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


SANDRA LARSON , Appellant,


v.


FAMILY VIOLENCE AND SEXUAL ASSAULT 

PREVENTION CENTER OF SOUTH TEXAS, ET AL. , Appellees.

___________________________________________________________________


On appeal from the 94th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez


Appellant, Sandra Larson, appeals from a summary judgment dismissing her causes of action against appellees, Family
Violence and Sexual Assault Prevention Center of South Texas, The Woman's Shelter, Inc., Ann Hennis, Catrina
Steinocher, Tracy Harting, Marci Gady, Laura Garza-Jimenez, Nita Carrell, and Linda McGowan. By three points of error,
appellant generally contends that the district court erred in granting appellees' motion for summary judgment because 1)
appellees failed to prove they were entitled to summary judgment as a matter of law, 2) appellees' evidence was inadequate
to support the summary judgment, and 3) the court erred in sustaining appellees' objections to appellant's affidavit. We
affirm.

Appellant was employed as executive director of the Woman's Shelter, Inc. (Shelter). Part of her job responsibilities
included maintaining the operational success and financial responsibility of the Shelter. Appellant hired Cynthia Alaniz
(Alaniz) to serve as the Shelter's financial director. The Shelter began receiving late notices from various creditors and
having financial trouble. It was later discovered that Alaniz failed to pay quarterly payroll taxes to the Internal Revenue
Service (IRS). The Shelter conducted a financial audit and discovered that the Shelter had accrued a debt with the IRS in
the amount of $169,000.00. Alaniz was terminated. Appellant was placed on administrative leave and subsequently
terminated as executive director. The IRS placed a tax lien on the Shelter's property as a result of the failure to make
payroll tax payments. News of the tax lien reached local media and several stories were featured in the local newspaper
and on television. On March 2, 1998, appellant filed suit against appellees for wrongful termination, breach of contract,
tortious interference with contractual relationship, defamation, and intentional infliction of emotional distress. (1) On
October 1, 1999, appellees filed a traditional motion for summary judgment and in the alternative, a no-evidence motion for
summary judgment. On October 21, 1999, appellant filed her first supplemental petition. (2) On November 17, 1999, the
court issued a final summary judgment.

We begin by addressing appellant's second point of error wherein she argues that the trial court erred in overruling her
objections to appellees' evidence. We review a trial court's decision to admit or exclude summary judgment evidence under
an abuse of discretion standard. See Barraza v. Eureka Co., 25 S.W.3d 225, 228 (Tex. App.-El Paso 2000, pet. denied).

Appellant objected to the affidavits of the custodians of records for the two news stations arguing that the affidavits failed
to lay the proper predicate for admitting the videotape of newscasts into evidence. Appellant relies on this Court's holding
in Boarder to Boarder Trucking, Inc. v. Mondi, Inc., 831 S.W.2d 495, 497 (Tex. App.-Corpus Christi 1992, no pet.), which
incorporated a seven prong test into Texas Rule of Evidence 901 for authentication and identification. Id. However, the
Texas Court of Criminal Appeals subsequently held that the seven prong test is not needed because rule 901 is "straight
forward, containing clear language and understandable illustrations." (3) See Angleton v. State, 971 S.W.2d 65, 69 (Tex.
Crim. App. 1998);Ballard v. State, 23 S.W.3d 178, 182 (Tex. App.-Waco 2000, no pet.). Rule 901(a) states, "[t]he
requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to
support a finding that the matter in question is what its proponent claims." Tex. R. Evid. 901(a). We conclude each
affidavit is sufficient to support a finding that the videotape offered at trial is a copy of the two newscasts at issue in this
case.

Furthermore, not only is the videotape sufficiently authenticated under rule 901(a), but it is also self-authenticated under
rule 902(10). (4) Texas Rule of Evidence 902 states that extrinsic evidence of authenticity as a condition precedent to
admissibility is not required for business records accompanied by an affidavit. SeeTex. R. Evid. 902(10). The two
affidavits follow the form affidavit found in rule 902(10) stating that the videotape is a business record kept in the regular
course of business. See id. Accordingly, the trial court did not abuse its discretion by admitting the videotape as evidence.

Appellant next contends that the trial court erred in overruling her objections to the affidavit of Tracy Harting (Harting), the
Shelter's board president. Appellant objected that Harting's affidavit was not based on personal knowledge, did not
establish the competency of the witness, and contained hearsay and unsubstantiated legal and factual conclusions.

To constitute competent summary judgment evidence, affidavits must be made on personal knowledge, set forth facts as
would be admissible in evidence and show affirmatively that the affiant is competent to testify to matters stated therein. 
Tex. R. Civ. P. 166a(f); H.S.M. Acquisitions, Inc. v. West, 917 S.W.2d 872, 881 (Tex. App.-Corpus Christi 1996, writ
denied); Hall v. Rutherford, 911 S.W.2d 422, 424 (Tex. App.-San Antonio 1995, writ denied).

Harting's affidavit affirmatively sets out that she has personal knowledge of facts regarding the Shelter's financial problems. 
See Ryland Group v. Hood, 924 S.W.2d 120, 122 (Tex. 1996); Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994). 
Additionally, Harting's assertions regarding her personal knowledge and experience as the Shelter's board president show
her competence to testify about the Shelter's financial problems. See Esquivel v. Mapelli Meat Packing Co., 932 S.W.2d
612, 618 (Tex. App.-San Antonio 1996, writ denied). Finally, the affidavit sets forth admissible facts. H.S.M.
Acquisitions, Inc., 917 S.W.2d at 881. It does include one sentence which contains hearsay. That sentence states "Ms.
Cynthia Alaniz had informed a board member that if the Board really wanted to know the financial problems of the Shelter,
the Board should ask for certain tax records as well as other financial records." One sentence, however, does not negate the
whole affidavit. See Muhm v. Davis, 580 S.W.2d 98, 102 (Tex. Civ. App.-Houston [1st Dist.] 1979, writ ref'd) ("fact that
affidavits may contain such [hearsay] statements does not require conclusion that [other] factual statements which would be
admissible and which are found in the affidavits cannot be considered"). Harting's affidavit is therefore competent
summary judgment evidence.

Appellant next objects to the deposition of news reporter Ronald George (George) because it conflicts with appellee
Harting's affidavit. We find, however, that there is no conflict between the two documents. Appellant points this Court to
George's deposition testimony which states he was under the impression that appellant made the Shelter's Board aware of
the tax liability issue. However, Harting's affidavit states that she told George that "an employee" informed the Shelter's
Board of the tax liability. Harting never stated that it was appellant who informed the Board, nor did she say that it was
Alaniz. George's impression that it was appellant, not any other employee, is not adequate proof of a factual conflict
between the two pieces of evidence.

Appellant further objects to George's deposition on the basis of hearsay and because the attachments are not authenticated,
verified, sworn to, and are submitted without predicate for admission. Appellant fails to identify where in the record the
attachments are located, (5) fails to identify which parts, or sentences, contain hearsay in the deposition, and fails to provide
us with any authority to support her contention. As a result of inadequate briefing, appellant's objections are waived. See
Tex. R. App. P. 38.1(h); Sister of Charity of the Incarnate Word v. Gobert, 992 S.W.2d 25, 31 (Tex. App.-Houston [1st
Dist.] 1997, no pet.); Warehouse Partners v. Gardner, 910 S.W.2d 19, 26 (Tex. App.-Dallas 1995, writ denied).

Appellant also objects to the affidavit of Margaret Neu (Neu), a Corpus Christi Caller-Times publisher, in that it failed to
lay a proper predicate for newspaper articles attached to appellees' motion for summary judgment. As mentioned earlier,
this Court follows the clear language of rule 901 of the Texas Rules of Evidence. See Angleton, 971 S.W.2d at 69. Rule
901(a) states, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by
evidence sufficient to support a finding that the matter in question is what its proponent claims." Tex. R. Evid. 901(a). The
affidavit of Neu is more than sufficient to lay a proper predicate to support her statement that the newspaper columns are
true copies and that they were published on said dates.

Appellant finally objects to an affidavit and letter written by appellee Ann Hennis (Hennis). Appellant complains it does
not meet the standards found in Casso v. Brand, 776 S.W.2d 551 (Tex. 1989). Rule 166a(c) of the Texas Rules of Civil
Procedure states, in relevant part, that "a summary judgment may be based on uncontroverted testimonial evidence of an
interested witness, . . . if the evidence is clear, positive, and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c). Interpreting the last section of rule
166a(c), the Texas Supreme Court, in Casso, concluded that the language, "could have been readily controverted," means
that testimony at issue is of a nature which can be effectively countered by opposing evidence. Casso, 776 S.W.2d at 558.
Hennis's letter was written to appellant's attorney requesting the return of property in appellant's possession. The affidavit
simply attests that the letter in appellees' motion for summary judgment was a true and correct copy of the letter written to
appellant's attorney. Its inclusion in the motion for summary judgment was not to prove that appellant had the property, but
was included to assist the court in determining if there was any actionable language for the defamation or the intentional
infliction of emotional distress causes of action. The hearsay objection does not have any merit because none of the
statements are being used by appellees to prove the truth of the matter asserted. See Tex. R. Evid. 801(d). We hold that the
court properly overruled appellant's objection because the letter and supporting affidavit are competent summary judgment
evidence as set forth in rule 166a(c). Appellant's second point of error is overruled.

In appellant's third point of error, she contends that the court erred by sustaining appellees' objection to her affidavit. 
Specifically, appellant complains that the trial court erred in ruling that there were conflicts and inconsistencies between
appellant's deposition testimony and her affidavit. Appellees rely on Farroux v. Denny's Rests., Inc., 962 S.W.2d 108, 111
(Tex. App.-Houston [1st Dist.] 1997, no pet.), to support their contention that appellant has created a "sham fact" issue by
the alleged inconsistencies in her deposition and her affidavit in an effort to delay or thwart the summary judgment ruling. 
However, we conclude any inconsistency or conflict between a party's deposition and affidavit is not a reason to exclude
that evidence in a summary judgment proceeding. See Thompson v. City of Corsicana Hous. Auth., No. 10-99-352-CV,
2001 Tex. App. LEXIS 6063, *20-*25 (Tex. App.-Waco Aug. 29, 2001, no pet.); Grizzle v. Texas Commerce Bank, N.A.,
38 S.W.3d 265, 283 (Tex. App.-Dallas 2001, pet. filed). Rather, these inconsistencies and conflicts create a fact issue that
should be resolved by a jury. See Thompson, 2001 Tex. App. LEXIS 6063 at *24; Sosebee v. Hillcrest Baptist Med. Ctr., 8
S.W.3d 427, 435 (Tex. App.-Waco 2000, pet. denied). Therefore, if the trial court excluded appellant's affidavit based on
any inconsistency or conflicts between the affidavit and appellant's deposition, the court abused its discretion. However,
there is no evidence in the record that the trial court sustained appellees' objection on this basis. Appellees made numerous
objections to appellant's affidavit, including: (1) that appellant was an interested witness; (2) statute of frauds violation; (3)
legal and factual conclusions; (4) no personal knowledge; and (5) hearsay. Appellant only challenges the objection based
on the inconsistencies. The trial court could have sustained other objections made to appellant's affidavit. (6) Accordingly,
the trial court did not abuse its discretion in sustaining appellees' objection(s). Appellant's third point of error is overruled.

By her first point of error, appellant generally contends the district court erred in granting appellees' motion for summary
judgment because appellees failed to prove as a matter of law they were entitled to summary judgment. In a motion for
summary judgment, the moving party must establish that there is no genuine issue as to any material fact and that he or she
is entitled to judgment as a matter of law. Tex. R. Civ. P. 1666a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995); Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985). In order to prevail on such
motion, the moving party must either disprove at least one element of each cause of action, or plead and conclusively
establish each essential element of an affirmative defense. See Randall's, 891 S.W.2d at 644; Black v. Victoria Lloyds Ins.
Co., 797 S.W.2d 20, 27 (Tex. 1990). If the moving party has established his or her right to summary judgment, the burden
shifts to the non-moving party to present evidence that would raise a genuine issue of material fact. See City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

A party may move for a no-evidence summary judgment after there has been adequate time for discovery. Tex. R. Civ. P.
166a(i). In a no-evidence motion for summary judgment, the moving party must state the elements as to which there is no
evidence. Id. The court must grant the motion unless the non-moving party produces evidence raising a genuine issue of
material fact. Id.; Saenz v. S. Union Gas Co., 999 S.W.2d 490, 493 (Tex. App.-El Paso 1999, pet. denied). The evidence
presented by the non-moving party only has to be more than a scintilla to show a genuine issue of material fact. Flameout
Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.-Houston [1st Dist.] 1999, no pet.).

In any motion for summary judgment, we must accept as true evidence in favor of the non-moving party, indulging every
reasonable inference and resolving all doubts in her favor. See Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997); Randall's, 891 S.W.2d at 644.

Appellant contends that the court erred in granting summary judgment because a genuine issue of material fact existed as to
whether appellees communicated defamatory statements. Slander is an oral defamatory statement that is communicated to
a third party without justification or legal excuse. See Cain v. Hearst Corp., 878 S.W.2d 577, 580 (Tex. 1994) (citing
Shearson Lehman Hutton, Inc. v. Tucker, 806 S.W.2d 914, 921 (Tex. App.-Corpus Christi 1991, writ dism'd w.o.j.). A
statement is defamatory if the words tend to injure a person's reputation, exposing the person to public hatred, contempt,
ridicule, or financial injury. Einhorn v. LaChance, 823 S.W.2d 405, 410-11 (Tex. App.-Houston [1st Dist.] 1992, writ
dism'd w.o.j.). Whether words are capable of a defamatory meaning the plaintiff attributes to them is a question of law for
the trial court. Diaz v. Rankin and Kurv, Inc., 777 S.W.2d 496, 498 (Tex. App.-Corpus Christi 1989, no writ). Allegedly
slanderous statements should be construed as a whole and based on how a person of ordinary intelligence would perceive
the entire statement. Turner v. KTRK Television, Inc., 38 S.W.3d 103, 114 (Tex. 2000). Truth is a defense to defamatory
statements. See Randall's, 891 S.W.2d at 646; Cain, 878 S.W.2d at 580. A showing of substantial truth at a summary
judgment hearing will defeat a defamation claim. Garcia v. Allen, 28 S.W.3d 587, 594 (Tex. App.-Corpus Christi 2000,
pet. denied). We hold that appellees met their burden. 

There is no evidence that appellee, Harting, stated anything other than the truth to the news media. As set out in Harting's
affidavit, the only direct mention of appellant was that she was placed on administrative leave after the board of directors
discovered the tax liability. (7) This fact is uncontroverted. Appellees also stated that after appellant was placed on leave,
an internal audit was ordered and appellant was subsequently terminated. These statements have also been admitted by
appellant.

Appellant further contends that the above statements led the media to report inferences that appellant was the sole reason
for the Shelter's financial shortfalls. However, appellees cannot be liable for presenting a true account of events, regardless
of what someone may infer from the account. See KTRK Televison, Inc., 38 S.W.3d at 115; Randall's, 891 S.W.2d at 646. 
Therefore, we hold that the court did not err in granting the summary judgment motion for this cause of action. (8)

Appellant next contends that there is evidence of intentional infliction of emotional distress and that the trial court erred in
holding otherwise. To recover damages for intentional infliction of emotional distress, a plaintiff must establish that "(1)
the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's
actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." Morgan
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000) (citing Randall's, 891 S.W.2d at 644). Extreme and outrageous conduct is
conduct that goes beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a
civilized community. Id.; Wornick Co. v. Casas, 856 S.W.2d 732, 734 (Tex. 1993). A claim for intentional infliction of
emotional distress will not lie if emotional distress is not intended or the primary consequence of the defendant's conduct. 
GTE Southwest, Inc. v. Bruce, et al., 998 S.W.2d 605, 611 (Tex. 1999). Texas courts have adopted a strict approach to
intentional infliction of emotional distress claims arising in the workplace. See, e.g., Bradford v. Vento, 48 S.W.3d 749,
758 (Tex. 2001); GTE, 998 S.W.2d at 612. "The range of behavior encompassed in 'employment disputes' is broad, and
includes at a minimum such things as criticism, lack of recognition, and low evaluations, which, although unpleasant and
sometimes unfair, are ordinarily expected in the work environment." GTE, 998 S.W.2d at 613.

Appellees argue appellant presented no evidence as to each element of intentional infliction of emotional distress. 
Appellant only needs to present more than a scintilla of evidence to show a genuine issue of material fact. Flameout
Design & Fabrication, Inc., 994 S.W.2d at 834. Whether plaintiff presented sufficient evidence of extreme and outrageous
conduct is a matter of law for the court to decide. See Saucedo v. Rheem Mfg. Co., 974 S.W.2d 117, 123 (Tex. App.-San
Antonio 1998, pet. denied). Looking at the record and appellant's evidence, we conclude appellant has failed to provide
more than a scintilla of evidence that appellees' actions were extreme and outrageous.

Appellant's contentions that appellees' conduct was extreme and outrageous in writing her a letter for the return of property
is untenable. Likewise, appellees' statement to the media that appellant was put on leave is not extreme and outrageous
behavior. The board of directors and officers for the Shelter must be given latitude to exercise their rights in a permissible
way to properly manage their corporation. Cf. Bradford, 48 S.W.3d at 759 (holding that "business managers must have
latitude to exercise their rights in a permissible way in order to properly manage their business, even though it may not
always be pleasant for those involved."); GTE, 998 S.W.2d at 612 (holding that an employer should be able to exercise its
rights in a permissible way even though emotional distress results). Harting's affidavit explained that the purpose of
speaking to the media was to assure the public that the Shelter was still functioning and to seek support from the public; she
was exercising her rights as the board president and was not intending to cause any emotional distress. See GTE, 998
S.W.2d at 611. Although appellee may have suffered severe distress because of the news reports, she cannot prove that
appellees acted in such a way as to go beyond all possible bounds of decency and should be regarded as atrocious and
utterly intolerable in a civilized community. Morgan, 27 S.W.3d at 929. "The mere fact of termination of employment,
even if the termination is wrongful, is not legally sufficient evidence that the employer's conduct was extreme and
outrageous. Southwestern Bell Mobile Sys., Inc. v. Franco, 971 S.W.2d 52, 54 (Tex. 1998). The trial court did not err in
granting the summary judgment motion on appellant's intentional infliction of emotional distress cause of action.

Appellant next contends there is a genuine issue of material fact as to her claim of tortious interference with a prospective
contract. (9) Appellant complains she was unable to gain employment as a result of the media reports regarding the Shelter
and because alleged facsimiles with disparaging comments about her were received by prospective employers.

The elements for a tortious interference with prospective contract cause of action are: 

(1) A reasonable probability that the parties would have entered into a contractual relationship;

 

(2) An intentional and malicious act by the defendant that prevented the relationship from occurring;



(3) With the purpose of harming the plaintiff;



(4) The defendant lacked privilege or justification to do the act; and,



(5) Actual harm or damage resulted from the defendant's interference. 



Garner v. Corpus Christi Nat'l. Bank, 944 S.W.2d 469, 477 (Tex. App.-Corpus Christi 1997, writ denied); Exxon Corp. v.
Allsup, 808 S.W.2d 648, 659 (Tex. App.-Corpus Christi 1991, writ denied). To maintain this cause of action, appellant
must have direct evidence of appellees' intent to interfere. See Browning-Ferris, Inc. v. Reyna, 865 S.W.2d 925, 927 (Tex.
1993). The intent element is established if there is direct evidence that appellees "desire to [interfere] or if [they know] that
the interference is certain or substantially certain to occur as a result." See Bradford, 48 S.W.2d at 757. If appellees had no
desire to interfere with appellant's action but knew that it would be a mere incidental result of conduct for another purpose,
this interference may not be improper. Id.

We find no evidence in the record to establish that appellees spoke with the media with the intent to harm appellant's
chances of getting a job. Nor is there any evidence that appellees sent a fax to any prospective employer. Appellant urges
this Court to look at her affidavit where she states that she was not hired by the National Kidney Foundation because of the
media reports. However, appellees' hearsay objection to this statement was sustained. Appellant fails to address this ruling
in this appeal, therefore, we will not consider that statement as evidence. See Tex. R. App. P. 38.1(h). Because appellant
failed to provide evidence of intentional interference, the trial court correctly granted appellees' summary judgment on
appellant's cause of action for tortious interference with prospective contract.

Appellant's next contention is that the court erred in granting appellees' motion for summary judgment on her breach of
contract claim because a genuine issue of material fact exists as to whether appellees and appellant had an oral contract of
employment. Appellees contend that appellant failed to prove that appellant was anything more than an employee at-will. 
The general rule in Texas is that absent a specific agreement to the contrary, employment may be terminated by the
employer or employee at-will for good, bad, or no cause at all. Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d
501, 502 (Tex. 1998). For such an agreement to exist, the employer must unequivocally indicate a definite intent to be
bound not to terminate the employee except under clearly specified circumstances. Id. If an employee does not have a
formal agreement with his employer, the employee cannot construct one out of indefinite comments, encouragements, or
assurances. Id. A discharged employee who asserts that the parties have contractually agreed to limit the employer's right
to terminate the employee at-will has the burden of proving an express agreement or written representation to that effect. 
Rios v. Texas Commerce Bancshares, Inc., 930 S.W.2d 809, 814-15 (Tex. App.-Corpus Christi 1996, writ denied).

To avoid the employment at-will doctrine, an employee has the burden of proving that she and the employer had a contract
that directly limited in a "meaningful and special way" the employer's right to terminate the employee without cause.
Massey v. Houston Baptist Univ., 902 S.W.2d 81, 82 (Tex. App.-Houston [1st Dist.] 1995, writ denied). A hiring based on
an agreement of an annual salary limits in a meaningful and special way the employer's prerogative to discharge the
employee during the dictated period of employment. See Demunbrun v. Gray, 986 S.W.2d 627, 628 (Tex. App.-El Paso
1998, no pet.); Rios, 930 S.W.2d at 815; Winograd v. Willis, 789 S.W.2d 307, 310 (Tex. App.-Houston [14th Dist.] 1990,
writ denied). Absent special circumstances, Texas follows the general rule that a "hiring at a stated sum per week, month,
or year, is definite employment for the period named and may not be arbitrarily concluded." Smith v. SCI Mgmt. Corp., 29
S.W.3d 264, 267 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (citing Winograd, 789 S.W.2d at 310). However, this rule
alters an employee's at-will status only when evidence shows that the parties intended to directly limit in a meaningful and
special way the employee's at-will status. SCI Mgmt. Corp., 29 S.W.3d at 267. Cases holding that an annual salary limits
in a "meaningful and special way" an employee's right to discharge an employee during the dictated period of employment
involved parties who negotiated and agreed on the terms and conditions of employment and had written evidence reflecting
their agreement. (10) Id. Here, there is no such evidence. 

Although appellant stated in her deposition that she was hired with an annual salary of $25,000.00, (11) and that her position
would be evaluated on performance and for any salary increase, we agree with the court in SCI Mgmt. Corp., (12) that this
alone is not enough to raise a fact issue as to whether the parties agreed to limit in a "meaningful and special way" the
appellees' prerogative to discharge appellant without cause. See id. at 268 (general discussion about employee's annual
compensation did not raise a fact issue as to whether the parties agreed to limit in a "meaningful and special way" the
employer's prerogative to discharge the employee without cause).

Appellant testified that at the time she was hired, there was no mention of the duration of her employment. See id. There is
no evidence to show that the parties discussed any other conditions of appellant's employment, nor any circumstances under
which appellant's employment could be terminated. See id. Furthermore, there is no evidence of a written document
outlining the salary, terms, and conditions of appellant's employment at the time she was hired. Appellant's testimony that
she was to receive an annual salary does not "unequivocally indicate a definite intent to be bound not to terminate
[appellant] except under clearly specified circumstances," nor is it sufficient to show an express agreement to alter her
at-will status. Brown, 965 S.W.2d at 502; Saucedo, 974 S.W.2d at 128. Based on this evidence, appellant has failed to
raise a genuine issue of material fact as to her breach of contract claim and the trial court did not err in its summary
judgment for this cause of action. Appellant's first point of error is overruled.

Accordingly, we affirm the trial court's summary judgment. 

NELDA V. RODRIGUEZ

Justice



Publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 29th day of November, 2001.

 

1. Blacklisting was also identified as a cause of action, but it is not being challenged on appeal.

2. Appellant contends that because appellees did not amend their motion for summary judgment, the summary judgment
order cannot be final. However, appellant's supplemental petition did not raise any new causes of action, and, therefore,
appellees' motion for summary judgment encompasses the supplemental petition. See Smith v. Atl. Richfield Co., 927
S.W.2d 85, 88-89 (Tex. App.-Houston [1st Dist.] 1996, writ denied); Farah v. Malfridge & Kormanik, P.C., 927 S.W.2d
663, 672-73 (Tex. App.-Houston [1st Dist.] 1996, no writ).

3. Texas Rules of Evidence govern both civil and criminal proceedings. See Tex. R. Evid. 101(b).

4. "A document may be authenticated under either rules 901 or 902, and it need not be authenticated under both." Reed v.
State, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991);Spaulding v. State, 896 S.W.2d 587, 590 (Tex. App.-Houston [1st
Dist.] 1995, no pet.).

5. Appellant refers the Court to "Exhibit C," but no attachments appear in the cited exhibit.

6. For example, appellant's affidavit contained conclusory statements. An affidavit supporting or opposing motion for
summary judgment must set forth facts, not legal conclusions. See Hall v. Rutherford, 911 S.W.2d 422, 424 (Tex.
App.-San Antonio 1995, writ denied); Beta Supply Inc. v. G.E.A. Power Cooling Sys., Inc., 748 S.W.2d 541, 542 (Tex.
App.-Houston [1st Dist.] 1988, writ denied). In her affidavit appellant states that "[appellees] made numerous slanderous
statements to the media in which they suggested a direct connection between the entire deficient financial condition of the
Shelter and my termination." Appellant also concludes in her affidavit that "[w]hen an employee engages in activities
designed to hide her actions, I, as Executive Director, am no more responsible for the same than is the Board of Directors."

7. Appellant also generally complains that Harting's affidavit is not clear, positive, direct, credible, free from contradiction,
and susceptible to being readily controverted because she is an interested witness. See Tex. R. Civ. P. 166a(c); Trico Techs.
Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997). However, we conclude that she is a competent witness because her
affidavit is based on personal knowledge, and it can be effectively countered by opposing evidence. See Casso v. Brand,
776 S.W.2d 551, 558 (Tex. 1989). Her affidavit, therefore, meets the criteria of rule 166a(c). 

8. When the trial court grants a summary judgment without specifying the reasons, as in this case, we will affirm if any of
the theories asserted by the defendant in its motion for summary judgment have merit. See State Farm Fire & Cas. Co. v.
S.S., 858 S.W.2d 374, 380 (Tex. 1993). Appellees raised the affirmative defense of qualified privilege in their motion for
summary judgment. However, appellees' reliance on Shauer v. Mem'l. Care Sys., 856 S.W.2d 437 (Tex. App.-Houston [1st
Dist.] 1993, no writ.), is misplaced. See id. at 459-60 (court held qualified privilege existed because employee's
performance report was reviewed by supervisors and "was [not] published to anyone outside the hospital or anyone without
a legitimate interest in its contents"). Appellees provided no other authority to support this theory under the facts of this
case, and we find none. Therefore, we cannot affirm their summary judgment on this basis.

9. After a careful review of the record, we conclude that although appellant titles pleading and briefing sections "tortious
interference with contractual relationship," she concedes she is bringing only a cause of action for "tortious interference
with prospective contract."

10. See Ronnie Loper Cheverolet-Geo, Inc. v. Hagey, 999 S.W.2d 81, 84 (Tex. App.-Houston [14th Dist.] 1999, no pet.)
(parties negotiated and agreed upon the terms of employment as evidenced by a written proposal); Saucedo v. Rheem Mfg.
Co., 974 S.W.2d 117, 124 (Tex. App.-San Antonio 1998, pet. denied) (parties executed a written employment agreement
providing for an annual salary); Demunbrun v. Gray, 986 S.W.2d 627, 628 (Tex. App.-El Paso 1998, no pet.) (parties
signed an employment contract stating base annual salary); see also Massey v. Houston Baptist Univ., 902 S.W.2d 81,
83-84 (Tex. App.-Houston [1st Dist.] 1995, no writ); Lee-Wright, Inc. v. Hall, 840 S.W.2d 572, 578 (Tex. App.-Houston
[1st Dist.] 1992, no writ); Winograd v. Willis, 789 S.W.2d 307, 310 (Tex. App.-Houston [14th Dist.] 1990, writ denied)
(parties executed contract that contained negotiated terms and conditions, position and salary, and included space for
employee to sign if he accepted such terms and conditions); cf. Rios v. Tex. Commerce Bancshares, Inc., 930 S.W.2d 809,
815 (Tex. App.-Corpus Christi 1996, writ denied) (letter stating annual salary did not embody terms of any agreement
between the parties because it did not specify a beginning date, duration of time, and did not require acceptance signatures).

11. Appellant relies on her deposition and her affidavit to support her argument. However, because appellees' objected to
the entire affidavit, the objections were sustained by the trial court, and appellant does not bring all objections to the
affidavit on appeal, this Court will not consider appellant's affidavit as summary judgment evidence.

12. In Smith v. SCI Mgmt. Corp., 29 S.W.3d 264 (Tex. App.-Houston [14th Dist.] 2000, no pet.), the court held that an
annual salary did not raise a fact issue as to whether the parties agreed to limit in a meaningful and special way the
employer's prerogative to discharge the employee without cause because there was "no evidence . . . that the parties
negotiated and agreed upon this salary. . . .[and they] did not negotiate, accept, or agree on the terms of other conditions of
employment . . . nor discuss any circumstances under which either party could terminate [employment]. . . . [and] the
parties did not agree on a duration of employment. . . .". Id. at 268.